IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JENNIFER MURPHY** and **EMILY WEBB, a minor child** )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**HARRISON CONTRACTING CO. INC., CINCINNATI INSURANCE COMPANY and SCOT DOUGLAS BROCK,** )<br>)<br>Defendants. ) | **Civil Action No.:** |

## COMPLAINT

**NOW COMES** the Plaintiff, Jennifer Murphy, individually and Emily Webb, a minor, by and through their counsel of record, and files this Complaint for Damages against Defendants, Harrison Contracting Co. Inc., Cincinnati Insurance Co. and Scot Douglas Brock individually (collectively "Defendants"), showing this Honorable Court as follows:

### SUBJECT MATTER JURISDICTION

1. This Court has jurisdiction of this controversy on grounds that the Plaintiffs are individual resident citizens of the State of Alabama, and that the Defendant, Scot Douglas Brock, individually (hereinafter referred to as "Brock") is an individual who committed tortious acts in this state and district, and that the

Defendant, Harrison Contracting Co. Inc. (hereinafter referred to as "Harrison"), upon information and belief, is a corporation with its headquarters and principal place of business in the State of Georgia, and that the Defendant, Cincinnati Insurance Company (hereinafter referred to as "Cincinnati"), upon information and belief, is a corporation with its headquarters and principal place of business in the State of Ohio.

2. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332. There is complete diversity of citizenship between Plaintiffs and Defendants. The amount in controversy exceeds $75,000 exclusive of interest and costs. This Court has jurisdiction under 28 U.S.C. §1332, based on diversity of citizenship and amount in controversy.

## PARTIES, PERSONAL JURISDICTION, AND VENUE

3. The Plaintiffs are individual resident citizens of the State of Alabama residing in Cleburne County, Alabama.

4. Defendant Harrison is a construction contracting company and owns and operates a 2017 Chevrolet Silverado pickup that was involved in the crash that forms the basis for this lawsuit, it is a motor carrier for purposes of the statutes involved in this case. Defendant Scot Douglas Brock ("Brock") is an individual citizen and resident of the State of Georgia.

5. Defendant Harrison owned the 2017 Chevrolet Silverado pickup with Vehicle Identification number: 1GCNCNEH7HZ212992.

6. Defendant Harrison is a Georgia corporation, existing under the laws of Georgia, with its principal place of business in Georgia and is authorized to transact business in Georgia. Defendant Harrison has designated as its agent for service, Lionel J. Postic, P.C. at 145 Towne Lane Parkway Unit 305, Woodstock, GA 30188, upon whom service of the Summons and Complaint for Damages can be made. This service will be made in this District and Division.

7. Defendant Harrison is subject to the jurisdiction of this Court.

8. Venue is proper in this Court as to Defendant Harrison.

9. Defendant Cincinnati Insurance Co. ("Cincinnati") is a company owned by Cincinnati Financial Corporation, and is a foreign corporation, existing under the laws of Ohio, with its principal place of business in Ohio, and is authorized to transact business in Georgia. Defendant Cincinnati, which is owned by Cincinnati Financial Corporation. Cincinnati has designated as their agent for service, Registered Agent Name: Kistler, Bernie, Physical Address: 3740 DaVinci Court, Suite 460, Peachtree Corners, GA, 30092, upon whom service of the Summons and Complaint for Damages can be made.

10. Defendant Cincinnati, which is owned by Cincinnati Financial Corporation provided a liability insurance policy on behalf of Defendants Harrison

and Defendant Brock, that being policy no. EPP0553035. Said policy was in effect on April 7,2021.

11. Defendant Cincinnati, which is owned by Cincinnati Financial Corporation, is subject to the jurisdiction of this Court pursuant to O.C.G.A. §40-1-112 and O.C.G.A. §40-2-140.

12. Venue is Proper in this Court as to Defendant Cincinnati, which is an entity owned by Cincinnati Financial Corporation, pursuant to 28 U.S.C. §90 and 28 U.S.C. §1331.

13. Defendant Scot Douglas Brock ("Brock") is an individual citizen and resident of the State of Georgia and may be served at 181 Williams Rd Taylorsville, Georgia 30178-1410

14. Defendant Brock is subject to the jurisdiction of this Court.

15. Venue is proper in this Court as to Defendant Brock.

## FACTS

16. At all times material to this action, Defendant Brock was an employee who was working for Defendant Harrison.

17. At the time of the collision at issue (April 4, 2021), Defendant Brock was driving a 2017 Chevrolet Silverado pickup with Vehicle Identification number: 1GCNCNEH7HZ212992.

18. At the time of the collision at issue, said 2017 Chevrolet Silverado vehicle was owned and operated by Defendant Harrison.

19. The collision at issue occurred on a public highway in Haralson County, Georgia, namely the intersection between Atlantic Avenue and its intersection with Murphy Campus BLVD. The vehicle occupied by the Defendant Brock, was a 2017 Chevrolet Silverado. The collision at issue occurred at approximately 4:31 o'clock in the afternoon and weather conditions were clear and dry.

20. At the time of the collision at issue, Defendant Brock failed to yield to the right-of-way with the 2017 Chevrolet Silverado, which caused the Defendant Brock to hit Plaintiff's vehicle in the front.

21. On or about the 3rd day of April, 2021, on a public highway in Haralson County, Georgia, namely the intersection between Atlantic Avenue and its intersection with Murphy Campus BLVD, the Defendant, Brock, did negligently, recklessly and wantonly cause or allow a motor vehicle, namely a 2017 Chevrolet Silverado, to collide with a motor vehicle then being driven, occupied and operated by the Plaintiffs Jennifer Murphy and Emily Webb, a minor child. The vehicle occupied and driven by Defendant Brock was owned by Defendant Harrison. The vehicle occupied by the Plaintiffs Jennifer Murphy and

Emily Webb; a minor child was a 2006 Ford Edge SE 2wd Vehicle Identification number 2FMDK36CX8BA58654.

22.     Defendant Harrison was the owner of the vehicle driven by Defendant Brock, and Defendant Harrison was, further, the employer of the Defendant Brock at the time of the collision.  Defendant Brock was acting within the line and scope of his employment with Defendant Harrison and was then and there acting for Defendant Harrison who was his employer, on the business of, and acting for, the said Defendant Harrison at the time and place of the collision described herein.

23.     As a proximate consequence of the negligence, recklessness, and wantonness and other conduct of the Defendant Brock, Plaintiffs Jennifer Murphy and Emily Webb, a minor child were seriously injured and suffered damage to their property.  Defendant Harrison is liable for the said conduct of Defendant Brock under the doctrine of *respondeat superior* and under applicable law.

24.     Defendants acted grossly negligently, wantonly and otherwise such that they are liable to Plaintiffs for punitive damages as well as for the losses described herein.  Defendants Harrison and Brock are liable for all the damages suffered by Plaintiffs Jennifer Murphy and Emily Webb, a minor child, both compensatory and punitive.

## COUNT I

## NEGLIGENCE OF SCOT DOUGLAS BROCK

25. Plaintiffs incorporates herein by reference the allegations of the previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

26. At all times material hereto, Defendant Brock was an employee who was driving the vehicle towed by Defendant Harrison.

27. At all times material hereto, Defendant Brock was driving a 2017 Chevrolet Silverado vehicle was subject to Georgia traffic laws and safety regulations.

28. At all times material hereto, Defendant Brock was also subject to obey all Georgia traffic laws and safety regulations.

29. Defendant Brock was negligent in the operation of the 2017 Chevrolet Silverado, in addition, he violated Georgia Motor Vehicle Laws including O.C.G.A. §40-6-73 (Failure to yield the right-of-way), which constitutes negligence per se.

## COUNT II

### LIABILITY OF HARRISON CONTRACTING CO. INC.

30. Plaintiff incorporates all previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

31. At all times material hereto, Defendant Brock was an employee or agent of Defendant Harrison, acting within the line, scope and course of his employment and agency.

32. At the time of the subject collision, Defendant Brock was operating 2017 Chevrolet Silverado vehicle under the dispatch and authority granted to Defendant Harrison.

33. Defendant Harrison is liable for the negligent actions and omissions of Defendant Brock pursuant to the doctrine of respondeat superior and the rules of agency.

34. At all times material hereto, Defendant Harrison was the employer of Defendant Brock.

35. Defendant Harrison was at all relevant times a motor carrier as defined by the Federal Motor Carrier Safety Regulations and was engaged in interstate commerce. As such, Defendant Harrison was at all relevant times subject to the Federal Motor Carrier Safety Regulations.

36. As a motor carrier, Defendant Harrison had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations, State trucking safety regulations and trucking industry standards, including the duty to properly inspect and maintain its vehicles.

37. Defendant Harrison was independently negligent in training, entrusting, and supervising Defendant Brock in connection with his operation 2017 Chevrolet Silverado motor vehicle, and in maintaining and servicing the motor vehicle, all in failing to act as a reasonable and prudent company would under the same or similar circumstances.

38. As a direct and proximate result of the negligence of Defendant Harrison, Plaintiffs Murphy and Webb sustained substantial personal injuries.

## COUNT III

## DIRECT ACTION AGAINST CINCINNATI INSURANCE COMPANY (a division of CINCINNATI FINANCIAL CORPORATION)

39. Plaintiffs incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

40. Defendant Cincinnati provided liability insurance on the 2017 Chevrolet Silverado which was involved in the subject motor vehicle collision.

41. Defendant Cincinnati agreed to provide insurance coverage to Defendant Harrison in consideration for the payment of insurance premiums.

42. Defendant Cincinnati was transacting business in the State of Georgia and in Haralson County, Georgia on the date of the subject incident and at all material times hereto and is subject to the jurisdiction and venue of this court pursuant to Georgia and Federal Law and the Rules.

43. Plaintiffs, Murphy and Webb, as members of the public injured due to a negligent insured driver of a motor vehicle is a third-party beneficiary to that agreement. Pursuant to O.C.G.A. §40-1-112, or in the alternative O.C.G.A. §40-2-140, Defendant Cincinnati is subject to this Direct Action.

## COUNT IV

## PUNITIVE DAMAGES

44. Plaintiffs repeats, re-alleges and incorporates the allegations of the preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

45. Defendants Brock and Harrison 's acts were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences.

46. Accordingly, said Defendants are liable to Plaintiffs for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future.

**WHEREFORE**, Plaintiffs prays that the following relief be granted:

(a)   A trial by jury;

(b)   For Summons and Complaint to issue against the Defendants;

(c)   For judgment against the Defendants, for appropriate sums to compensate Plaintiffs for their pain and suffering, past, present, and future;

(d) For judgment against the Defendants, jointly and severally, in an amount of $250,000.00, to fully compensate Plaintiffs.

(e) For all such other economic and non-economic loses as may be shown at the hearing and trial of this matter to the full extent allowed under law;

(f) That Plaintiffs obtain judgment against the Defendants in the amount of $250,000.00, or in an amount determined to be fair and reasonable in the minds of a fair and impartial jury.

(g) Punitive damages be recovered in an amount the jury believes to be just, fair and equitable, given the facts and issues in this case;

(h) Court costs, discretionary costs, and prejudgment interest; and

(i) For all such further and general relief which this Court deems just and proper.

*/s/ Thomas J. Knight*
Thomas J. Knight
Georgia Bar # 426250
Attorney for Plaintiffs
HUBBARD & KNIGHT
1125 Noble Street
Anniston, Alabama 36202
(256) 237-9586

Harrison Contracting Company Inc.  Alternate location 65 E. Industrial Ct.
Lionel J. Postic  Villa Rica Ga 30180, USA
Lionel J. Postic P.C.
145 Towne Lane Parkway, Unit 305
Woodstock, Georgia 30188

Scot Douglas Brock
181 Williams Road
Taylorsville, Georgia 30178

Cincinnati Insurance Company, owned by
Cincinnati Financial Corporation
Kistler, Bernie,
Physical Address: 3740 DaVinci Court, Suite 460,
Peachtree Corners, GA, 30092

## JURY DEMAND

Come now the Plaintiffs and demand trial of all issues in this case by struck jury.

*/s/ Thomas J. Knight*
Thomas J. Knight
Georgia Bar # 426250
Attorney for Plaintiffs
HUBBARD & KNIGHT
1125 Noble Street
Anniston, Alabama 36202
(256) 237-9586